IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Newton Little Soldier, ) | |
| ) | **ORDER DENYING PLAINTIFF'S** |
| Plaintiff, ) | **MOTION FOR INJUNCTIVE** |
| ) | **RELIEF** |
| v. ) | |
| ) | |
| Bureau of Indian Affairs, Ben Kitto, Acting ) | |
| BIA Supt., ) | Case No. 4:06-cv-068 |
| ) | |
| Defendants. ) | |

Before the Court is the Plaintiff's "Motion for Injunctive Relief" filed on August 22, 2006. On August 29, 2006, the Defendants' filed a brief opposing the motion. For the reasons set forth below, the Court denies the motion.

## I.      BACKGROUND

This matter arises from a dispute over grazing rights. The action was apparently prompted by a letter that the plaintiff, Newton Little Soldier (Little Soldier), received from the Bureau of Indian Affairs (BIA). On August 8, 2006, BIA officials "observed forty-three (43) head of mixed cattle branded [with Little Soldier's brand] grazing in trespass on rage unit 17." See Docket No. 1-2. The remainder of the letter provided in part as follows:

> This trespass may be unintentional and no assessment of penalties will be made provided you remove the livestock or show the livestock are not grazing in trespass within five days from the date of receipt of this letter. In the event that the livestock are not removed or other satisfactory arrangements made within five days of receipt of this letter, it will be necessary to assess the penalties as provided and take such other action as may be necessary including the impoundment, and sale of the unauthorized livestock to prevent continued trespass and to protect Indian lands.
>
> This written trespass notice will remain in effect for the same conduct identified in the notice for a period of one year from date of receipt.

1

> Your unauthorized livestock or other property may not be removed or disposed of unless authorized by us. This letter is your authorization to remove trespass livestock within 5 days.
>
> We will inspect this property within five days after the receipt of this letter to verify removal of the livestock in question. Please give this matter your immediate attention.

See Docket No. 1-2.

Little Soldier contends that the Defendants improperly granted Casey Fredericks a grazing permit which allowed Fredericks to graze cattle on land that Little Soldier asserts he owns. Little Soldier also contends that he has been prohibited from grazing cattle on his own land in violation of federal regulations. The complaint includes a myriad of allegations including (1) the trespass letter is invalid because Little Soldier was not afforded a hearing in which he could prove ownership of the cattle, (2) Casey Fredericks received preferential treatment because his sister, Mary Fredericks, oversees BIA range laws, (3) Little Soldier was not informed that the permit was granted to Casey Fredericks, (4) BIA's attempt to bar Little Soldier from his land is contrary to law, (5) the BIA acted on a faulty tribal allocation, and (6) BIA agents singled out Little Soldier for inspection. See Docket No. 1.

On August 22, 2006, Little Soldier filed a "Motion for Injunctive Relief" requesting that the Court issue a preliminary injunction barring the BIA from seizing the cattle and allowing him to use his own land for grazing cattle.[1] On August 29, 2006, the Defendants filed a brief opposing the motion.

---

[1] Little Soldier's motion also contains the following paragraph:
TRO. If the BIA does not hold off on the seizure, then the plaintiff requests a temporary restraining order (TRO) to bar the seizure of his cattle. It is anticipated the BIA Supt. will be served on August 23, 2006. The plaintiffs requests time to serve the BIA before ruling on the TRO request (if one is needed). The U.S. attorney will be given notice of this suit on August 22, 2006.
Given the conditional nature of the request and the fact the relief requested is identical to the request for a preliminary injunction, the Court need not address the request for a temporary restraining order.

## II.    LEGAL DISCUSSION

Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions. Applications for preliminary injunctions are measured against the factors set forth in Dataphase Systems, Inc., v. C.L. Sys. Inc., 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*). The Dataphase factors include "(1) the threat of irreparable harm to the moving party; (2) the movant's likelihood of success on the merits; (3) the balance between the harm to the movant if the injunction is denied and the harm to other parties if the injunction is granted; and (4) the public interest." Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999) (citing Dataphase, 640 F.3d 109, 113). The burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. Baker v. Electric Co-op, Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer System, Inc. v. Modern Banking System, Inc., 871 F.2d 734, 737 (8th Cir. 1989) (*en banc*). "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998)  (citing Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co., 997 F.2d 484, 486 (8th Cir. 1993); Calvin Klein Cosmetics Corporation v. Lenox Labs, Inc., 815 F.2d 500, 503 (8th Cir. 1987)).  It is well-established that trial courts have broad discretion in ruling on requests for preliminary injunctions and temporary restraining orders. See Energy, Arkansas, Inc. v. Nebraska, 210 F.3d 887, 898 (8th Cir. 2000).

### A.    PROBABILITY OF SUCCESS ON THE MERITS

When evaluating a movant's "likelihood of success on the merits" the Court should "weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires [intervention] to preserve the status quo until the merits are

determined." Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp., 59 F.3d 80, 83 (8th Cir. 1995). The Eighth Circuit has held that of the four factors to be considered by the district court in considering preliminary injunctive relief, the likelihood of success on the merits is "most significant." S&M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

The Court's evaluation of the likelihood of the plaintiff's success on the merits is hampered by the lack of information provided to the Court. Neither party has filed a copy of the grazing permit in question nor any documents establishing the ownership of the property in question.[2] Without showing that (1) Little Soldier owns or has an interest in the property in question, (2) a grazing permit was issued to Casey Fredericks, and/or (3) the language of such a permit, Little Soldier has failed at this stage to establish that he is entitled to any relief. It is virtually impossible to evaluate the merits of the claim when the Court has been provided with none of the legal documents, grazing permits, or any other documentation related to this dispute. The Court finds that Little Soldier has failed to meet his burden of establishing that he is likely to succeed on the merits of his claims. Accordingly, the Court finds this factor weighs against the issuance of a preliminary injunction.

### B.   IRREPARABLE HARM

The failure of a movant to show irreparable harm is an "independently sufficient basis upon which to deny a preliminary injunction." Blue Moon Entertainment, L.L.C. v. Bates City, 441 F.3d 561, 564 (8th Cir. 2006). Harm which can be compensated by an award of monetary damages is not considered irreparable harm. See Caballo Coal Co. v. Indiana Michigan Power Co., 305 F.3d 796,

---

[2]The BIA filed a nearly illegible map with the hand-written annotation of "Little Solder (sic) Land." The Court was unable to discern any usable information from the map.

801 (8th Cir. 2002); Sharp v. Parents in Community Action, Inc., 172 F.3d 1034, 1040 (8th Cir. 1999) (in the employment context, an adequate monetary remedy weighs against issuing a preliminary injunction); National Basketball Assoc. v. Minnesota Professional Basketball, L.P., 56 F.3d 866, 870 (8th Cir. 1995) (an injury that can be remedied with money damages is not irreparable).

Little Soldier contends that he would suffer irreparable harm "since seizure of the cattle could likely force [him] out of business." Little Soldier also asserts that without Court intervention he "could be forced to liquidate his herd." In response, the BIA asserts that no action has been taken to seize the cattle, and even if the cattle are seized, Little Soldier has additional administrative remedies at law.

The Court finds that Little Soldier has failed to establish that he will suffer irreparable harm if a preliminary injunction is not issued. Little Soldier's assertions of harm are admittedly speculative (i.e., likely force him out of business, could be forced to liquidate). The BIA has taken no action to seize the cattle. In addition, Little Soldier has failed to explain why the potential harm he may suffer is not compensable with money damages. The Court finds that any potential injury that Little Soldier has asserted could be compensated with an award of monetary damages, and, as such, the irreparable harm factor weighs against the granting of a preliminary injunction.

### C.   BALANCE OF HARMS

Little Soldier asserts that there is no harm in allowing a land owner to graze cattle on his own land. However, he has not provided the Court with any evidence whatsoever from which the Court can conclude that the property in question is owned by Little Soldier. It is clear that the burden of

establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. Baker v. Electric Co-op, Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994). The Court finds that Little Soldier has failed to demonstrate that this factor weighs in favor of granting a preliminary injunction.

### D. PUBLIC INTEREST

Little Soldier failed to address the public interest factor under Dataphase. As a result, the Court finds that Little Soldier has failed to meet his burden to demonstrate that the public interest weighs in favor of granting the preliminary injunction.

### III. CONCLUSION

The Court has carefully reviewed the pleadings and finds that Little Soldier has failed to sustain his burden of establishing the necessity of injunctive relief and has failed to meet the requirements of Rule 65(b) of the Federal Rules of Civil Procedure. The Court **DENIES** the Plaintiff's Motion for Injunctive Relief. (Docket No. 2).

**IT IS SO ORDERED.**

Dated this 31st day of August, 2006.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court